## 7942. GRINER v. LOWE.

BROYLES, P. J. The following undisputed facts are shown by the pleadings and evidence: The defendant Griner was a lawful constable, and he levied an attachment in favor of R. C. Chancelor and against Dave Lowe upon certain household goods. Dave Lowe's wife, the plaintiff in this suit in the court below, filed a claim to the goods but gave no bond. She withdrew this claim, and at the next term of court filed a second claim to the property. When this second claim came on to be heard neither the claimant nor her attorney appeared to prosecute it, and it was dismissed and the property was found subject to the execution based upon the attachment which had been levied upon the property. The claimant filed within four days her appeal to a jury in the justice's court, and when the case was called at the succeeding term of the court, a jury having been drawn, the appeal was dismissed on the ground that no appeal lay from the judgment upon the second claim filed. The claimant then, instead of appealing her case to a jury in the superior court, instituted this trover proceeding in the city court of Nashville, without paying the costs which had accrued upon the filing of the second claim and the appeal to a jury in the justice's court. *Held:* Under these facts the verdict for the plaintiff was unauthorized, and the court erred in overruling the motion for a new trial.

<em>Judgment reversed. Jenkins and Bloodworth, JJ., concur.</em>

DECIDED MARCH 19, 1917.

Trover; from city court of Nashville—Judge Christian. October 9, 1916.

The defendant pleaded that under the facts stated above, the plaintiff was estopped from bringing this action; and pleaded further that the action should abate because of non-payment of accrued costs before it was filed. It was contended also that as the property in question came into the hands of the defendant as a constable, and he acted under legal process, he was not subject to an action of trover.

*Ira S. Clary,* for plaintiff in error, cited: *Chipslead* v. *Porter,* 63 *Ga.* 220; *Geer* v. *Thompson,* 4 *Ga. App.* 756; *Barton* v. *Thompson,* 13 *Ga. App.* 786; *Platt* v. *Sheffield,* 63 *Ga.* 627-8.

*William Story, Jeff S. Story,* contra, cited: *Riley* v. *Martin,* 35 *Ga.* 136; *Mitchell* v. *Ga. & Ala. Ry.,* 111 *Ga.* 773.